Date signed October 15, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In re: | Case No. 03-20696PM |
|---|---|
| Zoe Marie Artis, | Chapter 13 |
| Debtor. | |

MEMORANDUM OF DECISION
ON ORDER DENYING RECONSIDERATION OF MOTION TO REOPEN CASE

     Zoe Marie Artis ("the Debtor" or "Ms. Artis") mailed a two-page letter dated October 6, 2008, to the court accompanied by a package of papers. The clerk docketed and treated this submission as a Motion for Reconsideration (#50) of this court's Order Denying Debtor's Motion to Reopen Case entered June 18, 2008 (#46). The court denied the relief sought through the Motion to Reopen because the court lacked jurisdiction over the post-confirmation dispute between Ms. Artis and Washington Mutual Bank. The court adopts by reference the matters set forth in the Memorandum of Decision (#45) filed June 18, 2008, and will deny the pending Motion.

     It appears from the record, that by a re-financing transaction, presumably funded by Washington Mutual Bank, the Debtor paid off the $231,801.19 claim filed by Wells Fargo Home Mortgage that was secured by a lien on the Debtor's residence at 906 Jackson Valley Court, Bowie, Maryland 20716, and completed the funding of her confirmed Chapter 13 Plan. The Trustee's Final Report and Account reflects the distribution of the funds amounting to $24,480.00 received by the Trustee.

The Debtor did not sell her property pursuant to a Motion (#30) filed by her counsel of record, Charles J. Ryan III, on March 10, 2005, that was approved by the court by an Order entered April 4, 2005 (#34). Instead, a refinancing transaction took place that was not given court approval. That fact standing alone does not nullify the transaction. The court assumes that Ms. Artis participated in the re-financing. If she did not sign the papers by which Washington Mutual Bank obtained a lien on her property, then the matter must be brought to the attention of the State's Attorney. If she had any quarrel with the terms of the transaction with Washington Mutual Bank, her remedy was to file a complaint in a court of competent jurisdiction, presumably the Circuit Court for Prince George's County. Inasmuch as this bankruptcy case under Chapter 13 was closed on October 18, 2005, after the Debtor's plan was completed and she received her discharge on July 13, 2005, there is no further relief that this court can afford her.

An appropriate order will be entered.

cc:   Debtor
      Chapter 13 Trustee
      United States Trustee

**End of Memorandum**